Kevin P. Roddy, CA State Bar No. 128283
  kroddy@wilentz.com
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
Tel: (732) 855-6402

Shehnaz M. Bhujwala, State Bar No. 223484
  bhujwala@boucher.la
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:   (818) 340-5400
Fax:   (818) 340-5401

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JAMES CRUZ, an individual, | Case No. 2:22-cv-02348-CAS (AGRx) |
| Plaintiff, | **PLAINTIFF'S NOTICE OF RELATED CIVIL CASES** |
| v. | **(Local Rule 83-1.3.1)** |
| MERCK & CO., INC., a New Jersey Corporation; MERCK Sharp & DOHME CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, Inclusive, | The Hon. Christina A. Synder |
| | Crtrm.: 8D (First Street Courthouse) |
| Defendants. | Removal Date: April 7, 2022 |

TO THE HONORABLE COURT:

Plaintiff James Cruz in the above-entitled case, by and through the undersigned counsel, hereby provides notice of the following related cases recently removed to federal court by Defendants that are pending within the Central District of California, pursuant to Local Rule 83-1.3.1:

1. *Haddad, et al. v. Merck & Co., Inc., et al.,* C.D. Cal. Case No. 2:22-cv-02151-DMG (MAAx) (removed March 31, 2022);

2. *Srour v. Merck & Co., Inc., et al.,* C.D. Cal. Case No. 5:22-cv-00599-JGB (KKx) (removed April 7, 2022).

Plaintiffs in the three related cases are represented by the same co-counsel. All three complaints were recently filed in California state courts and removed to federal court by Defendants, who are also represented by the same counsel (Venable LLP). These three cases are related within the meaning of Local Rule 83-1.3.1 because the cases will call for determination of the same or substantially related or similar questions of law and fact (L.R. 83-1.3.1(b)), and for other reasons would entail substantial duplication of labor if heard by different judges (L.R. 83-1.3.1(c)).

## I. THE CASES RAISE THE SAME OR SUBSTANTIALLY RELATED OR SIMILAR QUESTIONS OF LAW AND FACT.

The Plaintiffs' civil complaints for damages all allege the same six causes of action against Defendants arising from Plaintiffs' use of a prescription pharmaceutical medication, Singulair (with active ingredient motelukast): (1) Strict Liability – Design Defect; (2) Strict Liability – Failure to Warn; (3) Negligence; (4) Negligent Misrepresentation; (5) Breach of Express Warranty; and (6) Breach of Implied Warranty. The cases will involve common factual issues including knowledge of adverse neuropsychiatric events and the FDA's issuance of a requirement on March 4, 2020 to provide a "blackbox" warning on the drug label regarding neuropsychiatric events, and a new medication guide. Moreover, on April 7, 2022, counsel for Defendants advised counsel for Plaintiffs of Defendants' intent

to file motions to dismiss challenging personal jurisdiction across the cases, as it has recently done in the *Haddad* case. Defendants will likely assert other same or similar defenses to the cases. As such, Plaintiffs contend these cases will present the same or substantially related or similar questions of law and fact.

## II. THERE ARE RISKS OF SUBSTANTIAL DUPLICATION OF LABOR AND INCONSISTENT RULINGS UNLESS THE CASES ARE RELATED.

Second, assignment of the three cases to different judicial officers would likely entail substantial duplication of labor because the legal and factual issues overlap. There will likely be similar discovery and motions practice on the same or substantially similar issues. Therefore, all three cases and any future case removed by Defendants to the Central District of California, involving the same or similar claims should be deemed related and assigned to one District Judge. Doing so would also avoid inconsistent rulings on forthcoming motions to dismiss and other motions practice.

DATED: April 13, 2022          Respectfully submitted,

                               BOUCHER LLP


                               By:    /s/ Shehnaz M. Bhujwala
                                   SHEHNAZ M. BHUJWALA

                                   *Attorneys for Plaintiff*

# PROOF OF SERVICE

**Cruz v. Merck & Co., Inc., et al.**
**Case No. 2:22-cv-02348-CAS-AGR**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 21600 Oxnard Street, Suite 600, Woodland Hills, CA 91367-4903.

On April 13, 2022, I served true copies of the following document(s) described as **PLAINTIFF'S NOTICE OF RELATED CIVIL CASES** on the interested parties in this action as follows:

Kimberly Beck, Pro Hac Vice *Attorneys for Plaintiff*
BECK LAW CENTER
201 E. 5th Street, Suite 1900
Cincinnati, Ohio
Tel: (888) 434-2912
Email: kim@becklawcenter.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251, or pursuant to the Court's order authorizing electronic service, or by an agreement of the parties, I caused the document(s) to be sent from e-mail address Yue@boucher.la to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 13, 2022, at Woodland Hills, California.

Tricia Yue